**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

The Trustees of the NECA-IBEW PENSION )
BENEFIT TRUST FUND; )
The Trustees of the SOUTHERN ILLINOIS )
ELECTRICAL RETIREE WELFARE TRUST FUND; )
The Trustees of the LOCAL UNION NO. 702 )
ANNUAL BENEFIT FUND; )
The Trustees for the JOINT APPRENTICESHIP & )
TRAINING COMMITTEE LOCAL UNION 702 and )
SOUTHERN ILLINOIS CHAPTER NECA; )
The Trustees for the NATIONAL ELECTRICAL )        Cause No:  3:16-cv-1006
BENEFIT FUND; LOCAL UNION NO. 702, )
INTERNATIONAL BROTHERHOOD OF )
ELECTRICAL WORKERS,  AFL-CIO; )
the Trustees of the LABOR MANAGEMENT )
COOPERATION COMMITTEE; and )
the ADMINISTRATIVE MAINTENANCE FUND, )
)
              Plaintiffs, )
    vs. )
)
MARION FIRE SPRINKLER AND ALARM, INC., )
)
              Defendant. )

Serve:  Andrew J. Allen
       Registered Agent
       1608 Venable Lane
       Carterville, IL 62918

## COMPLAINT

## PARTIES

1.      As set forth more fully below, Plaintiffs are trustees of various employee welfare,

pension, and other benefit plans and funds.

2.      Plaintiff Local 702 International Brotherhood of Electrical Workers, AFL-CIO,

(herein "Local 702") is a voluntary unincorporated association with its principal office in West

Frankfort, Illinois.  Local 702 exists for the purpose of dealing with employee grievances, labor

disputes, wages, rates of pay, hours of employment, terms and conditions of employment and for other purposes.  It is a labor organization in an industry affecting commerce within the meaning of the Labor Management Relations Act ("LMRA") of 1947, as amended, 29 USC § 141 et. seq.

3.      Defendant Marion Fire Sprinkler and Alarm, Inc. ("Defendant") is incorporated and existing under the laws of the State of Illinois.

4.      At all times relevant to this action Defendant has been engaged in the electrical construction business with its principal place of business at 1820 North Court Street, Marion, Illinois 62959.

5.      Defendant is an employer within the meaning of the LMRA, as amended, 29 U.S.C. § 185 and within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

## JURISDICTION AND VENUE

6.      This action arises under Section 301 of the LMRA, 29 U.S.C. § 185, and Sections 502 and 515 of the Employee Retirement Income Security Act ("ERISA") of 1974, 29 U.S.C. §§ 1132 and 1145, each of which provide that Federal District Courts have jurisdiction over suits thereunder.

7.      Venue is proper in this Court in that an action brought by Trust Fund fiduciaries may be brought in a District where the breach took place, where a defendant resides or may be found, or where the plan is administered.  Section 502(e)(2) of ERISA, 29 U.S.C.§ 1132(e)(2). Defendant resides in this district.

## FACTS COMMON TO ALL COUNTS

8.      On November 1, 2012, Andrew Allen, Secretary, signed a "Letter of Assent-A" binding Defendant to the South Central Telecommunications Labor Agreement then in effect,

and all subsequent South Central Telecommunications Labor Agreements between Local 702 and the Southern Illinois Division-Illinois Chapter, NECA. (Ex. A).

9.     The Trust Agreements and Declarations of Trusts of the Plaintiff Trust Funds are incorporated into the South Central Telecommunications Agreements by reference.

10.     At all times relevant hereto, Defendant has employed bargaining unit employees covered by the South Central Telecommunications Agreements.

11.     During all times material herein, Defendant has been obligated by the provisions of the South Central Telecommunications Agreements to file reports and pay the monthly contributions due to Plaintiff employee benefit trust funds for the benefit of eligible bargaining unit employees who are covered under the Trust Agreements and Trust Plans and to withhold authorized working dues from the paychecks of covered employees, and to report and pay those dues monthly along with the employee benefit contributions.

12.     For the period of January 2016 through July 2016, Defendant filed reports but has failed to pay contributions and working dues to the Plaintiffs as required by the Labor Agreements and ERISA.  Defendant's failure to pay these contributions and working dues is a continuing violation of the Labor Agreements and ERISA.

13.     Under Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D) and the Labor Agreements and Trust Agreements incorporated therein, Defendant is also obligated to pay Plaintiffs' attorneys' fees and costs incurred in collecting these unpaid contributions.

## COUNT I - NECA-IBEW PENSION BENEFIT TRUST FUND

**COME NOW** Plaintiffs, Trustees of the NECA-IBEW Pension Benefit Trust Fund (herein "Pension Fund"), and for their cause of action state:

14.     Plaintiffs reallege and incorporate as part of Count I paragraphs 1 – 13 as if set out herein in full.

15.     The Pension Fund is a covered "employee benefit plan" as defined in Section 3(1) of ERISA, 29 U.S.C. § 1002(1) and is administered in St. Louis, Missouri.  It is a multi-employer plan within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

16.     Plaintiffs Kelly McCord; David G. Butler, Jr.; Steve Hughart; Jimmy Evans; Charlie Yancey; Paul Flynn; Stephen D. Wilson; Terry W. Gibson; Larry Noble; Shane Sullivan; David Conder; and Mark Kawolsky are Trustees of the Pension Fund.  The Trustees are "fiduciaries" as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized to bring this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

17.     For the period of January 2016 through July 2016, Defendant filed reports but failed to pay the full amount of contributions owed to the Pension Fund as required by the Labor Agreements and ERISA.  Defendant's failure to fully pay these contributions is a continuing violation of the Labor Agreements and ERISA.

18.     Under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2),  Defendant is obligated to pay either liquidated damages provided for pursuant to an employee benefit plan and interest **or** double interest on contributions owed to the employee benefit trust funds.  The Trustees of the Pension Fund have duly set rates for interest and liquidated damages.

19.     Defendant will owe interest and liquidated damages on its unpaid and delinquent contributions.  The Pension Fund cannot calculate the amount of interest and liquidated damages on these unpaid contributions until Defendant pays them.

**WHEREFORE**, the Trustees of the Pension Fund pray for an order and judgment against Defendant:

A.      For payment of unpaid and delinquent Pension Fund contributions for the period of January 2016 through the present.

B.      For payment of liquidated damages and interest owed on the unpaid and delinquent contributions to the Pension Fund for the period of January 2016 through the present.

C.      For Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter.

D.      For such further relief as the Court deems just, equitable and appropriate.

## COUNT II – SOUTHERN ILLINOIS ELETRICAL RETIREE WELFARE TRUST FUND

**COME NOW** Plaintiffs, the Trustees for the Southern Illinois Electrical Retiree Welfare Fund (herein "Retiree Welfare Fund"), and for their cause of action state:

20.     Plaintiffs reallege and incorporate Paragraphs 1 – 13 as if set out herein in full.

21.     The Retiree Welfare Fund is a covered "employee benefit plan" as defined in Section 3(2) of ERISA, 29 U.S.C. § 1002(2), and is administered in St. Louis, Missouri.  It is a multi-employer plan within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

22.     Plaintiffs Shane Sullivan; Stephen D. Wilson; David Conder; Daniel Brewer; Steve Hughart; Monte Russell; Ray Simmerman and Justin "Tate" Wright are Trustees of the Retiree Welfare Fund.  The Trustees are "fiduciaries" as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized to bring this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

23.     For the period of January 2016 through July 2016, Defendant filed reports but failed to pay the full amount of contributions owed to the Retiree Welfare Fund as required by the Labor Agreements and ERISA.  Defendant's failure to fully pay these contributions is a continuing violation of the Labor Agreements and ERISA.

5

24.     Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2),  Defendant is obligated to pay either liquidated damages provided for pursuant to an employee benefit plan and interest **or** double interest on contributions owed to the employee benefit trust funds.  The Trustees of the Retiree Welfare Fund have duly set rates for interest and liquidated damages.

25.     Defendant will owe interest and liquidated damages on its unpaid and delinquent contributions.  The Retiree Welfare Fund cannot calculate the amount of interest and liquidated damages on these unpaid contributions until Defendant pays them.

**WHEREFORE**, the Trustees of the Retiree Welfare Fund pray for an order and judgment against Defendant:

A.     For payment of unpaid and delinquent Retiree Welfare Fund contributions for the period of January 2016 through the present.

B.     For payment of liquidated damages and interest owed on the unpaid and delinquent contributions to the Retiree Welfare Fund for the period of January 2016 through the present.

C.     For Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter.

D.     For such further relief as the Court deems just, equitable and appropriate.

## COUNT III – LOCAL UNION NO. 702 ANNUAL BENEFIT FUND

**COME NOW** Plaintiffs, Trustees of the Local Union No. 702 Annual Benefit Fund (herein the "Annual Benefit Fund"), and for their cause of action state:

26.     Plaintiffs reallege and incorporate Paragraphs 1 – 13 as if set out herein in full.

27.     The Annual Benefit Fund is a covered "employee benefit plan" as defined in Section 3(1) of ERISA, 29 U.S.C. § 1002(1) and is administered in West Frankfort, Illinois. It is a multi-employer plan as defined by Section 515 of ERISA, 29 U.S.C. § 1145.

28.     Plaintiffs Daniel Brewer; James Sanchez; Joshua Holmes; and Ron Martin are Trustees of the Annual Benefit Fund.  The Trustees are "fiduciaries" as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized to bring this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

29.     For the period of January 2016 through July2016, Defendant filed reports but failed to pay the full amount of contributions owed to the Annual Benefit Fund as required by the Labor Agreements and ERISA.  Defendant's failure to fully pay these contributions is a continuing violation of the Labor Agreements and ERISA.

30.     Under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2),  Defendant is obligated to pay either liquidated damages provided for pursuant to an employee benefit plan and interest **or** double interest on contributions owed to the employee benefit trust funds.  The Trustees of the Annual Benefit Fund have duly set rates for interest and liquidated damages.

31.     Defendant will owe interest and liquidated damages on its unpaid and delinquent contributions.  The Annual Benefit Fund cannot calculate the amount of interest and liquidated damages on these unpaid contributions until Defendant pays them.

**WHEREFORE**, the Trustees of the Annual Benefit Fund pray for an order and judgment against Defendant:

A.     For payment of unpaid and delinquent Annual Benefit Fund contributions for the period from January 2016 through the present.

B.     For payment of liquidated damages and interest owed on the unpaid and delinquent contributions to the Annual Benefit Fund for the period from January 2016 the present.

C.     For Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter.

D.     For such further relief as the Court deems just, equitable and appropriate.

## COUNT IV – APPRENTICESHIP TRUST FUND

**COME NOW** Plaintiffs, the Trustees for the Joint Apprenticeship and Training Committee Local Union 702 IBEW & Southern Illinois Chapter NECA (herein "Apprenticeship Fund"), and for their cause of action state:

32.     Plaintiffs reallege and incorporate Paragraphs 1 – 13 as if set out herein in full.

33.     The Apprenticeship Fund is a covered "employee welfare benefit plan" as defined in Section 3(1) of ERISA, 29 U.S.C. § 1002(1) and is administered in West Frankfort, Illinois.  It is a multi-employer plan within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

34.     Plaintiffs Ronnie Martin; Wayne Clinton; James Walters, III; Paul Noble; David Walker; and Scott Hagler are Trustees of the Apprenticeship Fund.  The Trustees are "fiduciaries" as defined in Sections 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized to bring this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

35.     For the period of January 2016 through July 2016, Defendant filed reports but failed to pay the full amount of contributions owed to the Apprenticeship Fund as required by the Labor Agreements and ERISA.  Defendant's failure to fully pay these contributions is a continuing violation of the Labor Agreements and ERISA.

36.     Under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2),  Defendant is obligated to pay either liquidated damages provided for pursuant to an employee benefit plan and interest **or** double interest on contributions owed to the employee benefit trust funds.  The Trustees of the Apprenticeship Fund have duly set rates for interest and liquidated damages.

37.     Defendant will owe interest and liquidated damages on its unpaid and delinquent contributions.  The Apprenticeship Fund cannot calculate the amount of interest and liquidated damages on these unpaid contributions until Defendant pays them.

**WHEREFORE**, the Trustees of the Apprenticeship Fund pray for an order and judgment against Defendant:

A.     For payment of unpaid and delinquent Apprenticeship Fund contributions for the period from January 2016 through the present.

B.     For payment of liquidated damages and interest owed on the unpaid and delinquent contributions to the Apprenticeship Fund for the period from January 2016 through the present.

C.     For Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter.

D.     For such further relief as the Court deems just, equitable and appropriate.

## COUNT V – NATIONAL ELECTRICAL BENEFIT FUND

**COME NOW** Plaintiffs, the Trustees of the National Electrical Benefit Fund (herein "NEBF"), and for their cause of action state:

38.     Plaintiffs reallege and incorporate Paragraphs 1 – 13 as if set out herein in full.

39.     The NEBF is a covered "employee welfare benefit plan" as defined in Section 3(1) of ERISA, 29 U.S.C. § 1002(1), and is administered in Rockville, Maryland.  It is a multi-employer plan within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

40.     Plaintiffs Rod Borden and Lindell Lee are the Trustees of the NEBF.   The Trustees are "fiduciaries" as defined in Sections 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized to bring this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

41.     For the period of January 2016 through July 2016, Defendant filed reports but failed to pay the full amount of contributions owed to the NEBF as required by the Labor Agreements and ERISA.  Defendant's failure to fully pay these contributions is a continuing violation of the Labor Agreements and ERISA.

42.     Under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2),  Defendant is obligated to pay either liquidated damages provided for pursuant to an employee benefit plan and interest **or** double interest on contributions owed to the employee benefit trust funds.  The Trustees of the NEBF have duly set rates for interest and liquidated damages.

43.     Defendant will owe interest and liquidated damages on its unpaid and delinquent contributions.  The NEBF cannot calculate the amount of interest and liquidated damages on these unpaid contributions until Defendant pays them.

**WHEREFORE**, the Trustees of the NEBF pray for an order and judgment against Defendant:

A.     For payment of unpaid and delinquent contributions to the NEBF for the period of January 2016 through the present.

B.      For payment of liquidated damages and interest owed on the unpaid and

delinquent contributions to the NEBF for the period of January 2016 through the present.

C.      For Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this

matter.

D.      For such further relief as the Court deems just, equitable and appropriate.

## COUNT VI – LOCAL UNION NO. 702

**COME NOW** Plaintiffs, Local 702, and for its cause of action states:

44.     Plaintiffs reallege and incorporate as part of Count VI paragraphs 1 – 13 as if set

out herein in full.

45.     Local 702's claims are for breach of contract and arise under Section 301 of the

LMRA of 1947, as amended, 29 U.S.C. § 185.41.

**WHEREFORE**, the Local 702 prays for an order and judgment against Defendant:

A.      For payment of working dues due to Local 702 for the period of January 2016

through the present.

B.      For such further relief as the Court deems just, equitable and appropriate.

## COUNT VII – LABOR MANAGEMENT COOPERATION COMMITTEE

**COMES NOW** Plaintiffs, the Trustees of the Labor Management Cooperation

Committee (herein "LMCC"), and for its cause of action states:

46.     Plaintiff realleges and incorporates Paragraphs 1 – 13 as if set out herein in full.

47.     Plaintiffs Steve Hughart; Billy Serbousek; Jim Sanchez; Chris McPhail; Andrew

Smart; David Conder; Russ Carmean; and Ron Martin are the Board of Directors of the LMCC.

The LMCC is a labor management cooperation committee under Section 302(c)(9) of the

LMRA, 29 U.S.C. § 186(c)(9), and administered in Springfield, Illinois.

48.     The LMCC is a third-party beneficiary of the Labor Agreements.

49.     The LMCC's claims are for breach of contract and arise under Section 301 of the LMRA of 1947, as amended, 29 U.S.C. § 185.

50.     For the period of January 2016 through July 2016, Defendant filed reports but failed to pay the full amount of contributions owed to the LMCC as required by the Labor Agreements.  Defendant's failure to fully pay these contributions is a continuing violation of the Labor Agreements.

51.     Under the Labor Agreements, Defendant is obligated to pay a sum equal to 15% of the delinquent payment, but not less than $20.00, for each month payment of contributions is delinquent as liquidated damages and interest of 10% on contributions owed to the LMCC.

52.     Defendant will owe interest and liquidated damages on its unpaid and delinquent contributions.  The LMCC cannot calculate the amount of interest and liquidated damages on these unpaid contributions until Defendant pays them.

**WHEREFORE**, the Trustees of the LMCC pray for an order and judgment against Defendant:

A.     For payment of contributions due to the LMCC for the period of January 2016 through the present.

B.     For payment of liquidated damages and interest owed on the unpaid and delinquent contributions to the LMCC for the period of January 2016 through the present.

C.     For such further relief as the Court deems just, equitable and appropriate.

### COUNT VIII – ADMINISTRATIVE MAINTENANCE FUND CLAIMS

**COMES NOW** Plaintiff, Administrative Maintenance Fund (herein "AMF"), and for its cause of action states:

53.     Plaintiff realleges and incorporates Paragraphs 1 – 13 as if set out herein in full.

54.     The AMF is administered by the Illinois Chapter NECA and was established for the purpose of administration of the labor agreements, and is not covered by ERISA.

55.     The AMF is a third-party beneficiary of the Labor Agreements.

56.     The AMF's claims are for breach of contract and arise under Section 301 of the LMRA of 1947, as amended, 29 U.S.C. § 185.

57.     For the period of January 2016 through July 2016, Defendant filed reports but failed to pay the full amount of contributions owed to the AMF as required by the Labor Agreements.  Defendant's failure to fully pay these contributions is a continuing violation of the Labor Agreements.

58.     Under the Labor Agreements, Defendant is obligated to pay a sum equal to 15% of the delinquent payment, but not less than $20.00, for each month payment of contributions is delinquent as liquidated damages and interest of 10% on contributions owed to the AMF.

59.     Defendant will owe interest and liquidated damages on its unpaid and delinquent contributions.  The LMCC cannot calculate the amount of interest and liquidated damages on these unpaid contributions until Defendant pays them.

**WHEREFORE**, the AMF prays for an order and judgment against Defendant:

A.      For payment of unpaid and delinquent contributions to the AMF for the period of January 2016 through the present.

B.      For payment of liquidated damages and interest owed on the unpaid and delinquent contributions to the AMF for the period of January 2016 through the present.

C.      For such further relief as the Court deems just, equitable and appropriate.

Respectfully submitted,

SCHUCHAT, COOK & WERNER

*/s/ Rochelle G. Skolnick*
Rochelle G. Skolnick (IL Bar No. 6291990)
Patrick K. Shinners (IL Bar No. 6288597)
Schuchat, Cook & Werner
1221 Locust Street, 2nd Floor
St. Louis, MO 63103
rgs@schuchatcw.com
pks@schuchatcw.com

662710.doc